IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ALBERTO ALATORRE** )<br>)<br>   **Plaintiff** )<br>)<br>**v.** )<br>)<br>)<br>)<br>**MACTEC, INC.** )<br>)<br>   **Defendant.** ) | **Civil Action No.:**<br>**3:08cv215-WKW**<br>**Jury Trial Demanded** |

RECEIVED
2008 MAR 25  A 11: 51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

Plaintiff Alberto Alatorre (hereinafter "Mr. Alatorre"), by undersigned counsel, make the following statement:

1.  This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA) and pursuant to the state law claims of Intentional Infliction of Emotional Distress and Negligent Retention, Supervision and Training.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. §4323(b). Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b) because Defendant MacTec maintained or maintains a place of business and/or residence in this judicial district.

4.	All statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5.	Plaintiff Alatorre are citizens of the United States and residents of the State of Alabama.

6.	MacTec was the plaintiff's employer during the time period pertinent to this lawsuit. MacTec operated its daily business of in the Middle District of Alabama.

## STATEMENT OF FACTS

7.	Mr. Alatorre was a member of the United States Army and the Alabama Army National Guard for twenty-seven years, until his retirement and honorable discharge in April 2005.

8.	In 2003, Mr. Alatorre was deployed to Iraq as part of Operation Iraqi Freedom. While he was deployed, Mr. Alatorre's supervisors sought to terminate him because of his military commitment.

9.	When Mr. Alatorre returned from his military commitment he sought to gain a promotion as a Material Handler, which was a higher paying position.

10.	In September 2004, Mr. Alatorre asked a supervisor, Ron Brown, about applying for the Material Handler position. Brown responded to Mr. Alatorre by stating, "Al, you are too unreliable/unstable". Alatorre asked Brown what did he mean and Brown replied, "because you are in the National Guard and could be deployed at any time." As stated before, Mr. Alatorre had previously been deployed to Iraq. The position was then given to temporary workers.

11.	Mr. Alatorre complained of this employment action and was subsequently terminated on October 29, 2004.

## CAUSES OF ACTION

### Uniformed Services Employment and Reemployment Rights Act of 1994

12.     Plaintiff Alatorre re-alleges and incorporates by reference paragraphs 1-11 with the same force and effect as if fully set out in specific detail herein below.

13.     Defendant has violated Sections 4311 and 4312 of USERRA by denying Mr. Alatorre employment opportunities because of his Army National Guard status discriminated against Mr. Alatorre for his obligation to perform military service.

14.     As a result of defendant's unlawful conduct, Mr. Alatorre has suffered, and continues to suffer, loss of earnings and other benefits of employment.

### Intentional Infliction of Emotional Distress

15.     Plaintiff Mr. Alatorre re-alleges and incorporate s by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail herein below.

16.     This is a claim arising under the law of the State of Alabama to redress Ron Brown's intentional infliction of emotional distress upon Plaintiff Alatorre and MacTec's failure to prevent such conduct.

17.     The conduct of Brown, as a supervisory employee, as set out above, was extreme, outrageous, and beyond the boundaries of decency in civilized society, and it proximately caused Plaintiff Mr. Alatorre to suffer great emotional distress and trauma for which he claims compensatory and punitive damages from MacTec.

18.     MacTec is directly liable for the acts of its agent, Ron Brown. Brown's conduct was authorized, ratified and/or condoned by MacTec.

## REQUEST FOR RELIEF

THEREFORE, Mr. Alatorre requests that the Court enter judgment against the Defendant, their officers, agents, employees, successors, and all persons in active concert or participation with them, as follows:

1. Declare that Defendant's termination of Mr. Alatorre after her returned from his deployment under the same terms and conditions that were in place prior to his deployment was unlawful and in violation of USERRA;

2. Order that Defendants fully comply with the provisions of USERRA, and pay Mr. Alatorre for his loss of earnings suffered by reason of Defendants' failure or refusal to comply with the provisions of this law and the attendant state law claims;

3. Declare that Defendants' violations were willful;

4. Order that the Defendants pay Mr. Alatorre liquidated damages an amount equal to the amount of Mr. Alatorre's lost compensation and other benefits suffered by reason of their willful violations of USERRA;

5. Award Mr. Alatorre prejudgment interest on the amount of lost compensation found due;

6. Grant the Plaintiff an order requiring the Defendants to make the Plaintiff whole by reinstating Mr. Alatorre to the position he would have occupied in the absence of its violation of USERRA, (or frontpay), backpay (plus interest), loss of seniority, benefits and loss of pension, and by awarding the Plaintiffs compensatory, punitive, liquidated, and/or nominal damages;

7. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

8. Grant such other and further relief as may be just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*/s/ Alberto Alatorre*
Alberto Alatorre
203 Morgan Ln
Enterprise AL
36330

PH - (334) 393-2982