# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ALBERTO ALATORRE,** )<br>)<br>**Plaintiff** )<br>)      **3:08-CV-215-WKW**<br>**v.** )<br>)<br>**MACTEC, INC.,** )<br>)<br>**Defendant.** ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

Comes Now, the Plaintiff, Alberto Alatorre, by and through his undersigned counsel of record and would respond as follows to this Court's order (Doc.#6) to show cause as to why Plaintiff's case should not be dismissed for failure to prosecute:

1. Plaintiff filed his Complaint (Doc.#1) *pro se* on March 25, 2008, pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 and pursuant to the state law claims of Intentional Infliction of Emotional Distress and Negligent Retention, Supervision, and Training. On that same day Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit. (Doc.#2).

2. The undersigned counsel assisted Plaintiff Alatorre via telephone in completing the Application to Proceed Without Prepayment of Fees and Affidavit. Plaintiff Alatorre was not able to pay the filing fee, thus, undersigned counsel agreed to assist Plaintiff Alatorre in filling out the Application to Proceed Without Prepayment of Fees and Affidavit.

3.      On April 1, 2008, undersigned counsel filed a Notice of Appearance on behalf of Plaintiff Alatorre. (Doc.#3).

4.      On April 7, 2008, this Court entered an order denying without prejudice the Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit for failure to fully complete the application and giving the Plaintiff until April 17, 2008 to cure the identified deficiencies. (Doc.#5).

5.      Undersigned counsel and Plaintiff missed the deadline because undersigned had to submit a new application which required an original signature. Said document had to be forwarded to the client for review and signature. Plaintiff Alatorre lives in Troy, Alabama and undersigned counsel is located in Birmingham, Alabama. No delay was intended and upon receipt of a correct document, Plaintiff Alatorre personally delivered the document to the courthouse in Montgomery on April 24, 2008.

6.      Undersigned counsel is well aware that it is within the Court's power to dismiss a lawsuit for want of prosecution, however, such as dismissal is not warranted in these circumstances. Moreover, involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is only warranted where there has been a clear record of delay or willful contempt and lesser sanctions would not suffice to right the situation. *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *Mingo v. Sugar Cane Growers Co-op. of Florida,* 864 F.2d 101, 101-103 (11th Cir. 1989).

   **Wherefore premises considered,** undersigned counsel respectfully requests that the Court refrain from dismissing Plaintiff Alatorre's case for failure to prosecute.

                                              Respectfully Submitted,

                                              s/Roderick T. Cooks
                                              Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)251-0231
email: lwinstion@winstoncooks.com
email: rcooks@winstoncooks.com