UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERTO ALATORRE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| -vs.- | ) | 3:08-cv-215-WKW |
| | ) | |
| MACTEC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER, PRELIMINARY DEFENSES
AND DEMAND FOR JURY TRIAL**

Defendant MACTEC, Inc. answers Plaintiff's Complaint and presents preliminary defenses as follows:

**ANSWER AND PRELIMINARY DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief could be granted.

2. Paragraph 1 of Plaintiff's Complaint contains no factual allegations requiring admission or denial. To the extent any response is required, Defendant denies that Plaintiff states a claim under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301-4334 ("USERRA") and denies that Plaintiff states any state law claim.

3. Paragraph 2 of Plaintiff's Complaint contains no factual allegations requiring admission or denial. To the extent any response is required, Defendant recognizes that USERRA is a federal statute, but denies that Plaintiff states a claim

under that statute. Defendant further denies that 28 U.S.C. § 1367 provides any basis for subject matter jurisdiction in this action.

4. Answering paragraph 3 of Plaintiff's Complaint, Defendant denies that venue is proper in this District and denies any unlawful action or practice was committed by Defendant within this District.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters stated in paragraphs 4, 5, 6 and 7 of Plaintiff's Complaint. With regard to these paragraphs, Defendant admits only that it was Plaintiff's employer for a period of time and operated in the Middle District of Alabama.

6. Answering paragraph 8 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief to the specific details of Plaintiff's claimed deployment. Defendant admits that Plaintiff provided information indicating that Plaintiff was to perform military service in 2003, and denies the remaining allegations in said paragraph.

7. Answering paragraph 9 of Plaintiff's Complaint, Defendant admits that upon his return to work following claimed military service, Plaintiff wanted a promotion and pay higher than that to which he would have been entitled absent his military leave of absence.

8. Answering paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff wanted the higher-paying position of material handler in 2004. Defendant admits that Plaintiff was unreliable and unstable. Defendant denies that Ron Brown ever stated or implied that the problems with Plaintiff's performance were in any way related to his membership in or service with the National Guard or to any possible uniformed service deployment. Defendant is without knowledge or information sufficient to form a belief as to the truth of the specifics of Plaintiff's claimed deployment. Defendant does not understand, cannot discern and will not

speculate in this context as to Plaintiff's intended meaning in the last sentence of said paragraph. Defendant admits that it has, on occasion, utilized temporary workers for various positions.

9. Answering paragraph 11 of Plaintiff's Complaint, Defendant does not understand, cannot discern and will not speculate in this context as to Plaintiff's intended meaning of his statement in said paragraph that he "complained of this employment action," however, Defendant admits that Plaintiff had complained that, according to him, he did not receive a position he wanted because he was Hispanic. Defendant admits that Plaintiff's employment was terminated on or about October 29, 2004, and denies any suggestion that the termination of Plaintiff's employment was related in any way to Plaintiff's uniformed service or lack thereof.

10. Paragraphs 12 and 15 of Plaintiff's Complaint merely attempt to re-allege and incorporate other paragraphs and contain no separate factual allegations requiring admission or denial. To the extent any response is required, Defendant restates and incorporates each separate response contained herein.

11. Defendant denies the allegations and conclusions contained in paragraphs 13, 14, and 17 of Plaintiff's Complaint.

12. Paragraphs 16 and 18 of Plaintiff's Complaint contain no factual allegations requiring admission or denial. To the extent any response is required, Defendant denies that Plaintiff has stated a claim under state law cognizant in this Court and denies that Defendant or Ron Brown engaged in any wrongdoing.

13. The remainder of Plaintiff's Complaint consists merely of a "Request for Relief," with no factual allegations requiring admission or denial. To the extent any response is required, Defendant denies that Plaintiff is entitled to any relief.

14. Defendant denies all averments in Plaintiff's Complaint not specifically and expressly admitted above.

## ADDITIONAL PRELIMINARY DEFENSES

15. Plaintiff is not and was not qualified for the employment positions(s) about which he complains.

16. To the extent Plaintiff attempts to raise any claim based upon state law, such claim is pre-empted by federal law.

17. Plaintiff is not entitled to bring any state law claim against Defendant in this Court and any such claim is beyond this Court's subject matter jurisdiction.

18. Plaintiff improperly seeks to impose an unreasonable and undue burden upon Defendant.

19. Plaintiff's claims are barred to the extent he failed to provide required notices, documentation, and application.

20. Plaintiff's re-employment with Defendant is impossible and/or unreasonable.

21. Plaintiff had, and can have, no reasonable expectation that his employment with Defendant would continue indefinitely or for a significant period.

22. Defendant would have taken the actions it did with regard to Plaintiff's employment in the absence of any uniformed service membership, application for uniformed service or obligation of uniformed service, or exercise of any rights under USERRA.

23. Plaintiff's performance was poor, both before and after his military leave of absence. Plaintiff was counseled, even before his military leave of absence, regarding his poor performance and that his poor performance called for termination before Defendant had any notice or knowledge of Plaintiff's deployment.

24. Plaintiff's claims are barred to the extent affected by any other-than-honorable character of his military service.

25.   Plaintiff was at all times subject to Defendant's conduct rules, polices, and practices, which he violated.

26.   Plaintiff's claims are barred by Defendant's return of Plaintiff to the position of employment for which he would have been employed absent his military leave of absence.

27.   Plaintiff's claims are barred by Defendant's return of Plaintiff to the position of employment in which he was employed at the time of commencement of his military leave of absence.

28.   Plaintiff has failed to mitigate his alleged damages.

29.   Plaintiff's claims fail to the extent affected by the doctrines of waiver, estoppel, laches, failure of consideration, lack of standing, statutes of frauds, statutes of limitations, illegality, payment, release, accord, satisfaction, and/or unclean hands.

30.   Plaintiff's claims fail to the extent affected by or based upon the conduct of Plaintiff or others.

31.   Plaintiff's claims fail to the extent affected by the after-acquired evidence doctrine.

32.   The position in which Plaintiff finds himself is due to his own actions/omissions, or the actions/omissions of persons other than the Defendant.

33.   All actions by Defendant taken towards, or affecting, Plaintiff were done in good faith.

34.   Plaintiff's Complaint fails to state a claim for punitive damages, and an award of punitive damages in this action would violate the United States Constitution and the Alabama Constitution.

35.   Defendant is entitled to its costs and fees incurred in defense against this action based upon, inter alia, unreasonable and vexatious multiplication of proceedings putting Defendant to unnecessary trouble and expense.

36.     Defendant reserves the right to amend and supplement its answers and defenses.

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury on claims so triable.

## PRAYER FOR RELIEF

Wherefore, Defendant respectfully asks this Court to: (1) dismiss Plaintiff's Complaint with prejudice; (2) order that Plaintiff take nothing; and (3) award to Defendant the costs and fees incurred in defense against this action.

Respectfully submitted this 16th day of June, 2008.

/s/Michael B. Beers
MICHAEL B. BEERS [BEERM4992]
CONSTANCE T. BUCKALEW [BUCKC3785]
ANGELA T. BAKER [TAYLA2713]
BEERS, ANDERSON, JACKSON, PATTY
 & FAWAL, P.C.
P.O. Box 1988
Montgomery, Alabama  36102-1988
TEL:  (334) 834-5311 / FAX: (334) 834-5362
Counsel for Defendant, MACTEC, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roderick T. Cooks, Esq.
rcooks@winstoncooks.com
Winston Cooks, LLC
319 Seventeenth Street North
Birmingham, Alabama  35203

Counsel for Plaintiff


on this the 16th day of June, 2008.

                                                      /s/Michael B. Beers
                                                      Of Counsel