**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ALBERTO ALATORRE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **3:08-CV-215-WKW** |
| **MACTEC, INC.,** ) | |
| ) | |
| Defendant. ) | |

## REPORT OF PARTIES' PLANNING CONFERENCE

1. **Appearances:**

   Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting of the Parties' representatives was held on June 26, 2008, among the following:

   a. Appearing on behalf of the Plaintiff: Roderick T. Cooks, Esq. WINSTON COOKS, LLC, The Penick Building, 319 North 17th Street, Suite 203, Birmingham, Alabama 35203.

   b. Appearing on behalf of the Defendant: Constance T. Buckalew, Esq., BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C., Post Office Box 1988, Montgomery, Alabama 36102-1988.

2. **Synopsis of the Case:**

   **Plaintiff's Claim:**

   Mr. Alatorre alleges that he was discriminated against because of his military status in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994. Specifically, Mr. Alatorre was denied a promotion because of his reserve military status and fired for complaining about this discriminatory treatment.

**Defendant's Defenses:**

Defendant MACTEC, Inc. denies the allegations contained in Mr. Alatorre's Complaint. Mr. Alatorre is not and was not qualified for the employment positions to which he now claims entitlement. MACTEC avers that it counseled Mr. Alatorre about his poor job performance before it had any notice or knowledge of Mr. Alatorre's military deployment. Mr. Alatorre was still allowed to resume the position of employment with MACTEC upon his release from military service that he had held at the time of commencement of his military leave of absence. MACTEC would have taken the actions it did with regard to Mr. Alatorre's employment in the absence of any uniformed service or obligation of uniformed service, or exercise of any rights under USERRA.

3.   **Pre-discovery Disclosures.**  The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) within 21-days of the entry of the Scheduling Order in this case.

4.   The parties jointly propose to the Court the following discovery plan:

   a.   Discovery will be needed on plaintiff's claims, defendant's affirmative defenses, and the damages claimed by the plaintiff.

   b.   All discovery should be commenced in time to be completed by **July 20, 2009**.

   c.   **Interrogatories** (Responses due 30 days after service)

Maximum of 30 interrogatories. Plaintiff may submit a total of 30 interrogatories to defendant, including discrete subparts; and defendant may submit a total of 30 interrogatories to plaintiff, including discrete subparts, without prior approval of the Court.

      d.      **<u>Requests for Production of Documents</u> (Responses due 30 days after service)**

Maximum of 30 requests for production.  Plaintiff may submit a total of 30 requests for production to defendant, including discrete subparts; and that defendant may submit a total of 30 requests for production to plaintiff, including discrete subparts, without prior approval of the Court.

      e.      **<u>Requests for Admissions</u> (Responses due 30 days after service)**

Maximum of 20 requests for admissions.  Plaintiff may submit a total of 20 requests for admissions to defendant, including discrete subparts; and that defendant may submit a total of 20 requests for admission to plaintiff, including discrete subparts, without prior approval of the Court.

      f.      **<u>Depositions</u>**

Depositions shall be limited to a maximum of seven (7) hours each unless extended by agreement of the parties or by direction of the Court.

      g.      Maximum of **8** depositions for either party.

4.      **Reports from retained experts under Rule 26(a)(2) due:**

      a.      From the plaintiff by **March 20, 2009**; and

      From the defendant by **May 20, 2009**.

      b.      Supplementation under Rule 26(e), no later than 30 days before trial.

5.      **Other Items:**

      a.      The parties do not request a conference with the Court prior to the entry of the Scheduling Order.

      b.      The plaintiff should be allowed until **October 27, 2008**, to join additional parties and to amend the pleadings.

    c.       Defendants should be allowed until **December 1, 2008**, to join additional parties and to amend the pleadings.

    d.       All potentially dispositive motions should be filed by **90 days before discovery cut-off**.

    e.       Settlement cannot be realistically evaluated prior to at least some discovery.

    f.       The parties request a final pretrial conference in **September 2009**.

    g.       Final lists of trial evidence under Rule 26(a)(3) should be exchanged 30 days before trial. The parties also agree to a 14-day period within which to file their written objections to exhibits and witnesses.

    h.       The case should be ready for trial by **October 19, 2009**, and at this time, is expected to take approximately **2-3** days.

    i.       Disclosure or discovery of electronically stored information should be handled as follows: Both parties agree that they will submit electronically stored information in a form useful by the other party. If data is stored in specialized software or programs, the party retaining such information agrees to make available to the other parties the necessary software or program to review the data. If this is not reasonably possible, the party retaining such information agrees to convert the information into a format which the other party can use or to reproduce the information into paper form. If no such means are available, the parties agree to allow the opposing party to access the information at a prearranged time and place.

Submitted this 9th day of July, 2008.

                    ATTORNEYS FOR PLAINTIFF:

/s/      Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks
W INSTON COOKS, LLC
The Penick Building, Suite 203
319 North 17th Street
Birmingham, Alabama  35203
(205) 502-0940
(205) 251-0231 - facsimile
rcooks@winstoncooks.com

ATTORNEY FOR DEFENDANT:

/s/      Constance T. Buckalew
Michael B. Beers
Constance T. Buckalew
Angela T. Baker
BEERS, ANDERSON, JACKSON,
    PATTY & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 - facsimile
cbuckalew@beersanderson.com